**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAX ZWEIZIG,<br>*Plaintiff-Appellant*,<br><br>v.<br><br>TIMOTHY C. ROTE; NORTHWEST DIRECT TELESERVICES, INC.; NORTHWEST DIRECT MARKETING OF OREGON, INC.; NORTHWEST DIRECT MARKETING, INC.; NORTHWEST DIRECT OF IOWA, INC.; ROTE ENTERPRISES, LLC; DOES, 1 THROUGH 5,<br>*Defendants-Appellees*. | No. 18-36060<br><br>D.C. No.<br>3:15-cv-02401-HZ<br><br>ORDER CERTIFYING QUESTION TO OREGON SUPREME COURT |

Filed June 16, 2020

Before: Roger L. Wollman,[*] Ferdinand F. Fernandez, and Richard A. Paez, Circuit Judges.

Order

---

[*] The Honorable Roger L. Wollman, United States Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

## SUMMARY[**]

---

### Certification to Oregon Supreme Court

The panel certified to the Oregon Supreme Court the following question:

> Does Oregon Revised Statutes § 31.710(1) cap the noneconomic damages awarded on an employment discrimination claim under Oregon Revised Statutes § 659A.030?

---

### COUNSEL

Timothy C. Rote, West Linn, Oregon, pro se Defendant-Appellant.

Shenoa Payne, Shenoa Payne Attorney At Law PC, Portland, Oregon; Joel Christiansen, Vogele and Christiansen, Pendleton, Oregon; for Defendant-Appellee.

James S. Coon, Thomas Coon Newton & Frost, Portland, Oregon, for Amicus Curiae Oregon Trial Lawyers Association.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## ORDER

Pursuant to Oregon Revised Statutes § 28.200, we respectfully certify the question set forth below to the Oregon Supreme Court.

Max Zweizig filed suit against Northwest Direct Teleservices, Inc. (NDT), its successors, and Timothy C. Rote in federal district court. Zweizig alleged that the defendants retaliated against him, in violation of Oregon Revised Statutes § 659A.030(1)(f), and that Rote aided and abetted the retaliation, in violation of Oregon Revised Statutes § 659A.030(1)(g). The corporate defendants defaulted. The case proceeded to trial, which resulted in a verdict in favor of Zweizig and an award of $1 million in noneconomic damages. The district court applied the $500,000 noneconomic damages cap set forth in Oregon Revised Statutes § 31.710(1). Judgment was entered against the defendants.

Rote raised numerous arguments on appeal, which we have addressed by memorandum disposition in appeal number 18-35991. On cross-appeal, Zweizig argues that the district court erred in applying the damages cap. Oregon Revised Statutes § 31.710(1) states:

> Except for claims subject to ORS 30.260 to 30.300 and ORS chapter 656, in any civil action seeking damages arising out of bodily injury, including emotional injury or distress, death or property damage of any one person including claims for loss of care, comfort, companionship and society and loss of consortium, the amount awarded for

noneconomic damages shall not exceed
$500,000.

Zweizig contends that he did not seek "damages arising out
of bodily injury" and that the statute's damages cap thus does
not apply. It is undisputed that Zweizig suffered no physical
injury.

The following question is certified to the Oregon Supreme
Court:

> Does Oregon Revised Statutes § 31.710(1)
> cap the noneconomic damages awarded on an
> employment discrimination claim under
> Oregon Revised Statutes § 659A.030?

The certified question of law is determinative of the
damages issue now pending in this court. It appears that there
is no controlling precedent in the decisions of the Oregon
Supreme Court or the Oregon Court of Appeals. Certain
Oregon circuit courts disagree whether the cap applies in
employment discrimination actions like this one. *Compare
Pierce v. Daimler Trucks N. Am., LLC*, No. 15CV24701, at 4
(Or. Cir. Ct. July 19, 2017) (applying the noneconomic
damages cap to an employment discrimination claim under
Or. Rev. Stat. § 659A.030), *with Loczi v. Daimler Trucks N.
Am. LLC*, No. 14CV15265, at 3 (Or. Cir. Ct. Mar 4. 2017)
(concluding that the noneconomic damages cap does not
apply to employment discrimination claims), *and McMillan
v. Li Ning Sports USA, Inc.*, No. 1107-08760, 2013 WL
9591371, at *3 (Or. Cir. Ct. Dec. 17, 2013) (same).

We thus respectfully ask the Oregon Supreme Court to
exercise its discretionary authority to accept and decide this

question. If the court decides that the question presented is inappropriate for certification, or if it declines the certification for any other reason, we request that it so state, and we will resolve the question according to our best understanding of Oregon law.

The Clerk of this court shall file a certified copy of this order with the Oregon Supreme Court under Oregon Revised Statutes § 28.215. This appeal is withdrawn from submission and will be submitted following receipt of the Oregon Supreme Court's opinion on the certified question or notification that it declines to answer the certified question. The Clerk is directed to administratively close this docket pending further order. The panel shall retain jurisdiction over further proceedings in this court. The parties shall notify the Clerk of this court within one week after the Oregon Supreme Court accepts or rejects certification. In the event the Oregon Supreme Court grants certification, the parties shall notify the Clerk within one week after the court renders its opinion.

**CERTIFICATION REQUESTED; SUBMISSION VACATED.**

/s/ Richard A. Paez
Richard A. Paez, Circuit Judge,
Presiding