**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAX ZWEIZIG, | No. 18-36060 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-02401-HZ |
| v. | |
| TIMOTHY C. ROTE; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Argued and Submitted March 3, 2020
Withdrawn from Submission June 16, 2020
Resubmitted August 2, 2021
Portland, Oregon

Before: WOLLMAN,** FERNANDEZ, and PAEZ, Circuit Judges.

Max Zweizig filed suit against Northwest Direct Teleservices, Inc., its

successors, and Timothy C. Rote in federal district court, alleging claims of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Roger L. Wollman, United States Circuit Judge for the
U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

retaliation and aiding-and-abetting retaliation in violation of Oregon Revised Statutes § 659A.030(1)(f) and (g).   A jury found that Zweizig had suffered $1 million in noneconomic damages.   The district court applied the $500,000 noneconomic damages cap set forth in Oregon Revised Statutes § 31.710(1) and entered judgment against the defendants "jointly and severally in the amount of five hundred thousand dollars ($500,000.00)."

Zweizig appealed, arguing that the district court erred in applying the damages cap.   We certified the damages question to the Oregon Supreme Court, see Zweizig v. Rote, 962 F.3d 484 (9th Cir. 2020), in answer to which it concluded, "The damages cap in ORS 31.710(1) does not apply to an award of noneconomic damages for an unlawful employment practice claim under ORS 659A.030 in which the plaintiff does not seek damages that arise out of bodily injury and instead seeks damages for emotional injury,"   Zweizig v. Rote, 368 Or. 79, 81 (2021) (en banc).   We thus reverse and remand the case to the district court for further proceedings consistent with the Oregon Supreme Court's decision.

**REVERSED AND REMANDED.**